IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARTURO VEGA,

      Petitioner,

vs.                        No. CIV 05-472 JB/LCS

JAMES JANECKA, Warden, and
PATRICIA A. MADRID, Attorney
General for the State of New Mexico,

      Respondents.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on Mr. Vega's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [Docket #1], filed April 25, 2005.  Petitioner, currently incarcerated, attacks the Judgment and Sentence entered May 2, 2002, in the case numbered CR 00-929, in the Third Judicial District, Doña Ana County, State of New Mexico.  The United States Magistrate Judge, having considered the Motion and submissions of the parties, the record herein, relevant authorities, and being otherwise fully advised, finds that counsel should be appointed for Petitioner to further consider the issues raised in this opinion.

      **PROPOSED FINDINGS**

      **I.    Procedural History**

1.      On November 28, 2001, Petitioner was convicted, following a jury trial in the Third Judicial District, Doña Ana County, New Mexico in CR 00-929, of the offenses of Armed Robbery (Firearm Enhancement) in violation of NMSA § 30-16-02 1978 and Possession of Firearm by a Felon in violation of NMSA § 30-7-16 1978.  [Docket #14; Ex. A].  Mr. Vega came

before the Honorable Stephen Bridgforth on May 2, 2002, at which time he was sentenced to a term of eighteen (18) years imprisonment plus two years of parole. [Id.].

2.	Petitioner filed an appeal with the New Mexico Court of Appeals on June 18, 2002 [Id.; Ex. C], contending:1) that the district court erred in denying his motion in limine regarding the out-of-court identification; and 2) that the district court erred in allowing the in-court identification by the same witness. The Court proposed summary affirmance on August 28, 2002. [Id.; Ex. F]. Mr. Vega filed a memorandum in opposition to the proposed summary affirmance on October 15, 2002 [Id; Ex. G] and on October 28, 2002, the Court of Appeals proposed summary reversal of Petitioner's conviction. [Id; Ex. H]. The State of New Mexico filed its memorandum in opposition to the proposed summary reversal and the case was assigned to the general calendar on December 12, 2002. [Id; Ex. J].

3.	The Court of Appeals entered its Memorandum Opinion on January 23, 2004, affirming the decision of the district court. [Id.; Ex. N]. Defendant then petitioned the New Mexico Supreme Court for writ of certiorari and his petition was denied on March 22, 2004. [Id.; Ex. P]. Mr. Vega filed his petition for state habeas relief on February 3, 2005, alleging three grounds for relief: 1) ineffective assistance of counsel; 2) prosecutorial misconduct; and 3) insufficient evidence to support a conviction. [Id.; Ex. R]. The State district court denied this petition on February 25, 2005. [Id.; Ex. S]. Mr. Vega filed a Petition for Writ of Certiorari with the New Mexico Supreme Court on March 21, 2005 [Id.; Ex. T], which was denied on April 1, 2005. [Id.; Ex. U].

4.	Mr. Vega filed his petition for federal habeas relief in this Court on April 25, 2005. [Docket #1]. Respondents have moved to dismiss on the grounds that Petitioner's application

fails to state a cognizable federal claim under 28 U.S.C. § 2254. [Docket #13].

**II.     Standard**

5.     Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a writ of habeas corpus may not be issued with respect to any claim adjudicated on the merits in the state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court decision will be "contrary to" federal law if the state court either applies a rule that contradicts the Supreme Court on a question of law or if the state court decides a case differently on a set of materially indistinguishable facts. *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001). A state court decision will be an "unreasonable application of" federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 404-406 (2000)).

6.     "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application was also objectively unreasonable. *Id.* The AEDPA thus bars a federal court from granting habeas relief unless the state court decision involved either the application of an incorrect legal standard or principle or involved an objectively unreasonable application of the correct legal standard or principle.

**III.    Analysis**

      7.        Mr. Vega raises the following issues in his federal petition:

I.        Ineffective Assistance of Counsel

II.       Prosecutorial Misconduct

III.     Insufficiency of the Evidence

**Ineffective Assistance of Counsel**

      8.        Mr. Vega's claim of ineffective assistance of counsel is based primarily on the assertion that counsel failed to investigate alleged inconsistencies in various statements made by the victim, Jessica Arellano, and that counsel failed to provide expert testimony on the possibility of misidentification in the context of a photo lineup. [Docket #1] Petitioner also claims that three witnesses could have provided him with an alibi and that counsel unreasonably failed to call these witnesses or to investigate their possible testimony. A claim of ineffective assistance of counsel is a mixed question of law and fact. *Fisher v. Gibson*, 282 F.3d 1283, 1290 (10th Cir. 2002).

      9.        The test for making a claim of constitutionally ineffective assistance of counsel was set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 688 (1984). Under *Strickland*, a petitioner must satisfy a two-part test in order to prevail on an ineffective assistance of counsel claim. *Id.* at 687-88. First, the petitioner must demonstrate that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Id.* In applying this test, the Court must give considerable deference to an attorney's strategic decisions and "recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. In applying *Strickland*, "[j]udicial scrutiny of counsel's performance must be highly deferential. *Id.*

10. To succeed under the first prong of *Strickland*, a petitioner must overcome the presumption that counsel's conduct was constitutionally effective. *Hung Thanh Le v. Mullin*, 311 F.3d 1002, 1025 (10th Cir. 2002). For counsel's performance to be constitutionally ineffective, it must have been "completely unreasonable, not merely wrong." *See Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) (quoting *Hatch v. Oklahoma*, 58 F.3d 1447, 1459 (10th Cir. 1995)). Second, a habeas petitioner must demonstrate that he was prejudiced by counsel's deficient performance, which requires a showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

11. I have reviewed the transcript of Petitioner's trial in the Third Judicial District Court and find Mr. Vega's contentions about counsel's performance to be without merit. Defense counsel submitted a Motion in limine to suppress Ms. Arrellano's out-of-court identification of Petitioner. The transcript reveals that defense counsel was well-prepared to argue his motion and did so competently. [Tr.5-25]. Additionally, I find that defense counsel was effective in demonstrating, through cross-examination of Ms. Arrellano and Detective Palos, the possibility of misidentification during the photo lineup. [Tr. 98-112; 141-147]; *see also Parker v. Scott*, 394 F.3d 1302, 1326-27 (10th Cir. 2005) (holding counsel was not ineffective for failing to investigate when counsel used the information in question at trial during cross-examination). It is Petitioner's burden to overcome the presumption that counsel's challenged action could be considered sound trial strategy. *Hooper v. Mullin*, 314 F.3d 1162, 1169 (10th Cir. 2002). In the present case, defense counsel's peformance constituted sound trial strategy and Mr. Vega has failed to establish deficient performance within the meaning of *Strickland*. As such, his claims

that counsel was ineffective should be rejected.

12.     With respect to the claim that three alibi witnesses existed whom counsel failed to call, I find Petitioner's claims to be without merit.  Regarding the contention that three witnesses could have vouched for Mr. Vega's presence in Mexico at the time of the crime, I note that Petitioner has provided the Court with no evidence, in the form of affidavits or otherwise, to support the contention that the witnesses would have provided the evidence alleged.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that even *pro se* parties must allege sufficient facts on which a recognized legal claim can be based, and that conclusory allegations will not suffice).  When an ineffective assistance of counsel claim centers on a failure to investigate and elicit testimony from witnesses, the petitioner must "demonstrate, with some precision, the content of the testimony they would have given at trial."  *Lawrence v. Armontrout*, 900 F.2d 127, 130 (8th Cir. 1990).  *See also Foster v. Ward*, 182 F.3d 1177, 1185 (10th Cir. 1999).  Because I have no evidence, beyond Petitioner's allegation, to show that these individuals could have provided favorable testimony, I recommend finding that Mr. Vega has failed to show he was prejudiced by counsel's performance within the meaning of *Strickland*.  Certainly Petitioner has not shown a reasonable probability that, had counsel secured the testimony of these witnesses, the result of the proceeding would have been different.  *See Strickland*, 466 U.S. 694.  As such, I recommend Petitioner's claim for ineffective assistance of counsel be rejected.

**Prosecutorial Misconduct**

13.     Petitioner also seeks relief based on alleged prosecutorial misconduct.  He contends this misconduct occurred during a meeting between the trial judge, the prosecuting attorney, and Ms. Arrellano, the victim, immediately prior to Ms. Arrellano's trial testimony.  Mr.

Vega claims the purpose of this conference was to intimidate Ms. Arrellano into confirming an uncertain identification of Petitioner and that such intimidation did in fact result from this meeting. Petitioner did not raise this claim on direct appeal and during the state habeas proceedings, the court found Mr. Vega's claim was "without merit as a matter of law." [Docket #14; Ex. S]. He claims however that, because he was denied an evidentiary hearing at the state level, he was unable to present evidence which would have revealed a violation of his right to due process. He further contends that this claim should be taken as part of his ineffective assistance claim, as counsel erroneously failed to object to the conference or to make a record that the conference at trial. [Docket #21].

14.   When a defendant asserts a claim of prosecutorial misconduct in a habeas petition, the claim is reviewed only for a violation of due process. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986). "[N]ot every trial error or infirmity which might call for application of supervisory powers correspondingly constitutes a failure to observe that fundamental fairness essential to the very concept of justice." *Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974). In order to be entitled to relief, the petitioner must establish that the prosecutor's conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* at 643. This Court may only make such a determination after "tak[ing] notice of all the surrounding circumstances, including the strength of the state's case." *Coleman v. Brown*, 802 F.2d 1227, 1237 (10th Cir. 1986).

15.   Mr. Vega asserts he can show that the alleged meeting between the prosecutor, Judge Bridgeforth, and Ms. Arrellano took place and that the purpose and the effect of this meeting was to intimidate Ms. Arrellano and to influence her testimony. However, he has

provided this Court with no evidence as to who can testify that Ms. Arrellano was so intimidated or as to the basis of this individual's knowledge about Ms. Arrellano.  Additionally, Mr. Vega has provided the Court with nothing to show that Judge Bridgeforth or the prosecutor intended to intimidate the witness, or even that such a meeting between the above-named parties ever took place.  *See Stafford v. Staffe*, 34 F.3d 1557, 1564 (10th Cir. 1994) (concluding that due to the lack of prejudice demonstrated by petitioner, there was no reasonable probability that in the absence of counsel's failures the jury's conclusion would have been different).  Because Petitioner has provided this Court with nothing but conclusory allegations to support his argument, he has not made the required showing of a violation of due process.  As such, I recommend that Mr. Vega's claims with respect to prosecutorial misconduct be rejected as well.

## IV.     RECOMMENDED DISPOSITION

Accordingly, I recommend that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2254, filed April 25, 2005 [Docket #1] be **DENIED** in part, that is, as to all issues addressed herein.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE**