IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARTURO VEGA,

       Petitioner,

vs.                                                No. CIV  05-0472 JOB/LCS

JAMES JANECKA, Warden, and
PATRICIA MADRID, Attorney General
for the State of New Mexico.

       Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court pursuant to the Order Referring Matter to Magistrate Judge for Reconsideration, filed March 20, 2006.  (Doc. 38.)  On April 25, 2005, Mr. Vega filed a Petition for Writ of Habeas Corpus.  (Doc. 1.)  I entered Proposed Findings and Recommended Disposition on December 8, 2005, recommending the Court deny Mr. Vega's petition in part.[1]  (Doc. 24.)  In addition, I ordered a new briefing schedule on the issue of the constitutionality of the pretrial photo lineup.  (Doc. 34.)  Both Petitioner and Respondents filed objections to the proposed findings.  (*See* Docs. 28, 33, 40-44.)  The Honorable James O. Browning, United States District Judge, referred the matter to me for reconsideration on two specific issues.  (Doc. 38.)

Having considered the briefs, the record, relevant law, and being otherwise fully advised, the United States Magistrate Judge finds the following order should be imposed: Petitioner

---

[1] The procedural history of Mr. Vega's case may be found in section I of the proposed findings filed on December 8, 2005.  (Doc. 24 at 1-3.)

should be given thirty days from entry of this Order to file a supplemental pleading, motion, or other paper seeking either (1) dismissal of his unexhausted claim; (2) dismissal of his entire case; (3) a stay and abeyance for the purpose of returning to state court to exhaust his unexhausted claim; or (4) some other option of Petitioner's choosing that is appropriate for resolving this matter.

**I.    ANALYSIS**

1.    Mr. Vega presented three issues in his federal petition: ineffective assistance of counsel, prosecutorial misconduct, and insufficiency of the evidence. (*See* Docs. 1, 24 at 4.) I issued Proposed Findings and Recommended Disposition ("PFD") and ordered briefing on an additional issue Mr. Vega did not raise in his petition, that of the constitutionality of the pretrial photo lineup. (Docs. 24, 34.) All four of Petitioner's issues were exhausted in state court.[2] (*See* Doc. 14, Exs. O, P, T, U.) Mr. Vega filed three objections to my recommended findings. (Doc. 33.) Included with Petitioner's objections is an affidavit from Pastor Oscar Castro, who asserts that Mr. Vega worked with him in Chihuahua, Mexico during the time in which the crime Mr. Vega was convicted for was committed. (Doc. 33, Ex. 1.) No state court has had the opportunity to assess Pastor Castro's testimony. Consequently, I recommend that this Court

---

[2] "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack. The exhaustion requirement is satisfied if the highest court exercises discretion not to review the case." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534-35 (10th Cir. 1994) (citations omitted). *See also* 28 U.S.C. § 2254(c); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir. 1985). Here, Petitioner properly exhausted all of his claims: he presented the issue of the photo lineup to the New Mexico Court of Appeals and the New Mexico Supreme Court (Doc. 14, Exs. O, P), and he exhausted the remaining three issues by filing a writ of habeas corpus to the state court and by then petitioning the New Mexico Supreme Court for review. (*See* Doc. 14, Exs. R, S, T, U.) *See also Dever*, 36 F.3d at 1534-35.

construe Mr. Vega's ineffective assistance of counsel claim regarding an alleged failure to investigate purported alibi witnesses as an unexhausted claim.

   2. "The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) (citing *Rose v. Lundy*, 455 U.S. 509, 515 (1982)). "To demonstrate compliance with the exhaustion requirements, a habeas applicant must show that the federal claim he asserts in the federal court has been fairly presented to the state courts." *Ross v. Petsock*, 868 F.2d 639, 641 (3rd Cir. 1989) (citing *Santana v. Fenton*, 685 F.2d 71, 73 (3d Cir.1982), *cert. denied,*459 U.S. 1115 (1983)). "It is not enough for the petitioner to show that he has presented the facts on which the federal claim is based to the state court. Rather, the argument raised in the federal court must be the substantial equivalent of that presented to the state courts." *Id.* (citing *Santana*, 685 F.2d at 73-74). Submission of Pastor Castro's affidavit presents this Court with an issue "upon which the state courts [have] not passed." *Vasquez*, 474 U.S. at 259. As such, this "supplemental evidence . . . fundamentally alter[s] the legal claim already considered by the state courts, and, therefore, . . . requires that [this claim] be remitted to state court for consideration of that evidence." *Id.* at 260 (finding that because the new evidence did not fundamentally alter respondent's claim, the state courts would not need another opportunity to review the claim).

   3. Because I recommend that Mr. Vega's claim regarding this new alibi witness be construed as unexhausted, I further recommend that Mr. Vega be given several options with respect to his four claims. Where a court is faced with a mixed petition – one in which the Petitioner presents both exhausted and unexhausted claims – the Court may normally not decide

the entire petition, unless it is appropriate to "deny the entire petition on the merits." *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002) (footnote omitted).  In this case, I recommend finding that it would be inappropriate to deny Mr. Vega's entire petition on the merits in light of Pastor Castro's affidavit.  *See id.*  As a result, I find that Mr. Vega has several options: he may seek (1) dismissal of his unexhausted claim; (2) dismissal of his entire case; (3) a stay and abeyance for the purpose of returning to state court to exhaust his unexhausted claim; or (4) some other option of Petitioner's choosing that is appropriate for resolving this matter.  *See Rhines v. Weber*, 544 U.S. 269 (2005).  If Mr. Vega chooses to seek a stay, he must establish good cause for his failure to exhaust this claim in state court.  *Id.* at 277.

## II.     RECOMMENDATION

Having reviewed the record in this case, all applicable law, and being otherwise fully advised, I recommend that Mr. Vega be given thirty days to file a supplemental pleading, motion, or other paper clarifying whether he will seek (1) dismissal of his unexhausted claim; (2) dismissal of his entire case; (3) a stay and abeyance for the purpose of returning to state court to exhaust his unexhausted claim; or (4) some other option of Petitioner's choosing that is appropriate for resolving this matter.  If Mr. Vega seeks a stay, the supplemental pleading, motion, or other paper shall address whether he is entitled to the stay under *Rhines*. Any response must be filed no later than ten days after service of the supplemental pleading, motion, or other paper.  A reply may be filed at Petitioner's discretion within seven days after service of the response.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard N.W., Albuquerque, NM 87102.  A party must file objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**