## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ARTURO VEGA,

      Petitioner,

vs.                                                                     No. CIV 05-0472 JB/LCS

JAMES JANECKA, Warden, and
PATRICIA MADRID, Attorney General
for the State of New Mexico,

      Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition filed May 30, 2006. (Doc. 46.) Respondents filed objections on June 13, 2006. (Doc. 47.) Petitioner filed no objections. Pursuant to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of the entire file and found Respondents' objections to be without merit. On August 22, 2006, the Court adopted the Proposed Findings and Recommended Disposition, and gave Petitioner thirty days "from the entry of this Order to file a supplemental pleading, motion, or other paper seeking either (1) dismissal of his unexhausted claim; (2) dismissal of his entire case; (3) a stay and abeyance for the purpose of returning to state court to exhaust his unexhausted claim; or (4) some other option of Petitioner's choosing that is appropriate for resolving this matter." Doc. 50 at 2.

The Court's order also provided that, "[i]f Petitioner fails to file his option within thirty days, I will consider his silence as an election to treat his petition as mixed, and his entire petition will be dismissed." *Id.* at 3. Petitioner did not file a supplemental pleading, motion, or other paper within

the thirty day time limit. Three days after the deadline, purportedly in accordance with Fed. R. Civ. P. 6(e), Petitioner filed a Motion to Enlarge Time to File Supplemental Briefing. See Doc. 51.

The Court is not convinced that rule 6(e) applies. This Court's order required Vega to act withing thirty days of the "entry" of the Court's order. Rule 6(e) provides for the time limit when an act runs from date of service. See Donovan v. Maine, 276 F.3d 87, 91-92 (1st Cir. 2002).

Petitioner's attorney asserts a number of reasons for not filing the needed pleading in the required time. See Doc.51. While some reasons are new, some are the same or similar to the motion he prematurely filed on June 30, 2006. In reality, Petitioner has had three months to weigh and research these options: he has known that he may have to choose one of them, because Judge Smith filed his proposed findings on May 30, 2006 – approximately four months ago. See Doc. 46. The task is not difficult. Petitioner needs to make a decision.

Moreover, one option is dismissal of this case, which will be the result if the Court denies his motion. If the Court denies his motion, Petitioner will not be barred after this dismissal from filing a petition for writ of habeas corpus in state or federal court. "[C]riminal defendants have no time limits on [state] habeas corpus relief in New Mexico." *Duncan v. Campbell*, 936 P.2d 863, 868 (N.M. App. 1997) (citing Rule 5-802 N.M.R.A. (1997)). And while second or successive habeas petitions must be dismissed in federal court, "a habeas petition filed after a prior petition is dismissed without prejudice for failure to exhaust state remedies does not qualify as a 'second or successive' application within the meaning of § 2244(b)(1)." McWilliams v. Colorado, 121 F.3d 573, 575 (10th Cir. 1997) (citations omitted).

For the foregoing reasons, I will dismiss this mixed petition for failure to exhaust without prejudice.  Accordingly, Petitioner's motion to enlarge time is **DENIED**.  <u>See</u> Doc. 51.  An order of dismissal shall be issued forthwith.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE