# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ARTURO VEGA,

      Petitioner,

v.                                     No. CV 05-472 JB/CEG

JAMES JANECKA, Warden, and
GARY K. KING, Attorney General for
the State of New Mexico,

      Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Arturo Vega's ("Mr. Vega" or "Petitioner") Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2554 by a Person in State Custody and Petitioner's "Addendum to Petition for Writ of Habeas Corpus." See docket nos. 1 and 36. In his Application and Addendum, Mr. Vega asserts that: (i) he was denied effective assistance of counsel; (ii) prosecutorial misconduct jeopardized his rights under the New Mexico and United States Constitution; (iii) there was insufficient evidence to convict him of armed robbery; and (iv) he was deprived of his constitutional due process rights by an impermissible pre-trial identification procedure. See docket no. 1 at 5-11 and docket no. 36 at 1. I disagree, and, for the reasons below, recommend that Mr. Vega's § 2254 petition be denied.

### Background

After a jury trial in the Third Judicial District, Doña Ana County District Court, Petitioner was found guilty of armed robbery (firearm enhancement) and possession of a firearm by a felon in Cause No. CR-2000-929. See docket no. 14, exhibits A and B. Mr. Vega's conviction arose out of an October 1, 2000 armed robbery of a convenience store in Las Cruces,

New Mexico, where Jessica Arellano ("Ms. Arellano") was the clerk on duty at the time.  See

docket no. 41 at 2.  After the jury found him guilty, Petitioner was sentenced to a term of

eighteen years to be followed by two years parole.[1]  See docket no. 14, exhibit B at 3.  Mr. Vega

is now in the lawful custody of Respondent James Janecka, Warden, pursuant to the judgment

and sentence.  See docket no. 14 at 2.

Petitioner appealed his conviction to the New Mexico Court of Appeals, raising the

following two issues:

> 1) The trial court erred when it denied Mr. Vega's motion in limine, which sought to
> prohibit the State from introducing evidence of Ms. Arellano's photo identification of
> Mr. Vega as being the man who robbed her while she was a clerk at a Conoco service
> station in Las Cruces and to prevent any in-court identification;[2] and

> 2) the trial court erred when it "allowed the in-court identification."  Id., exhibit E.

On January 23, 2004, the Court of Appeals issued a Memorandum Opinion affirming Mr. Vega's

conviction.  See docket no. 14, exhibit N.  On February 18, 2004, Mr. Vega filed a Petition for

Writ of Certiorari with the New Mexico Supreme Court, which was denied on March 22, 2004,

with mandate issuing April 30, 2004.  See id., exhibits O, P, and Q.

---

[1]  Petitioner was also ordered to provide a sample of biological material sufficient for
DNA testing and to pay a fee of $100.00 for the combined DNA Index System ("CODIS") to the
Field Services Division of the New Mexico Corrections Department.  See id.

[2]  More specifically, Mr. Vega claimed (and continues to claim) that on October 10,
2000, a detective with the Las Cruces Police Department interviewed Ms. Arellano concerning
the robbery.  See id., exhibit E at 2.  According to Mr. Vega, during the interview, the detective
showed Ms. Arellano a photo array consisting of six photographs, and Ms. Arellano pointed out
a photo (#3) as someone who may have been the person who robbed her.  Id.  Mr. Vega contends
Ms. Arellano stated that the subject in the photo, which was Mr. Vega, "was too dark and wasn't
wearing glasses."  Id.  The detective then retrieved a second photograph of Mr. Vega and handed
the single photo to Ms. Arellano, who identified Mr. Vega as the man who robbed her.  Id.  On
November 27, 2001, Mr. Vega filed the motion in limine seeking to prohibit the State from
introducing evidence of the "tainted identification" and also seeking to prohibit any in-court
identification, which the trial court denied.  Id.

2

On February 3, 2005, Petitioner filed a state habeas corpus petition in Doña Ana County District Court.  Id., exhibit R.  In the first state habeas corpus proceeding,[3] Mr. Vega raised the following claims:

> 1) Ineffective assistance of trial counsel due to counsel's failure to investigate and inform the jury of alleged inconsistencies arising out of in-court statements made by the victim, Ms. Arellano;
>
> 2) Prosecutorial misconduct during a pre-trial conference between the trial judge, the prosecuting attorney, and Ms. Arellano that Mr. Vega contends intimidated Ms. Arellano into confirming an uncertain identification of him; and
>
> 3) Insufficiency of the evidence used at trial.

Id.  On February 25, 2005, the Doña Ana County District Court denied Mr. Vega's petition.  Id., exhibit S.  On March 21, 2005, Mr. Vega filed a Petition for Writ of Certiorari with the New Mexico Supreme Court, challenging the denial of his state habeas corpus petition.  Id., exhibit T. On April 1, 2005, the New Mexico Supreme Court issued an order denying certiorari review, thus ending the first state habeas corpus proceeding.  Id., exhibit U.

B.     Federal Proceedings

On April 25, 2005, Mr. Vega filed a pro se Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  See docket no. 1.  The petition raises the following claims:

> 1) Ineffective assistance of trial counsel due to counsel's failure to investigate alleged inconsistencies in various statements made by the victim, Ms. Arellano, and counsel's failure to provide expert testimony on the possibility of misidentification in the context of a photo lineup;
>
> 2) Prosecutorial misconduct during a conference between the trial judge, the prosecuting attorney, and Ms. Arellano immediately prior to Ms. Arellano's trial testimony that Petitioner contends was purposefully conducted in order to intimidate Ms. Arellano into

---

[3]  Petitioner has filed two state habeas corpus applications arising from his conviction in this case.  See id., exhibit R and docket no. 75, exhibit.  In order to avoid confusion, the Court will address the two as the "first state habeas corpus proceeding" and the "second state habeas corpus proceeding."

confirming an uncertain identification of Petitioner and that, according to Mr. Vega, did in fact result from this meeting; and

3) Insufficiency of the evidence used at trial, specifically, the alleged use of inconsistent statements by Ms. Arellano made prior to and during trial.

Docket no. 1 at 5-11.  The case was originally assigned to United States District Judge James O. Browning and United States Magistrate Judge Leslie C. Smith.  See docket no. 4.  On June 22, 2005, Respondents filed an answer to Mr. Vega's petition.  See docket no. 14.

On December 8, 2005, Judge Smith entered Proposed Findings, recommending Petitioner's claims for ineffective assistance of counsel and prosecutorial misconduct be dismissed.[4]  See docket no. 24.  The Proposed Findings did not address Mr. Vega's insufficiency of the evidence claim.  See id.  Also on December 8, 2005, Judge Smith entered an order stating, among other things, that "[a]lthough Petitioner did not raise this claim directly in his habeas petition, I believe the circumstances surrounding [Ms. Arellano's] photo identification require me to examine whether the identification procedures upheld Mr. Vega's right to due process."[5] Docket no. 25 at 1.

On December 20, 2005, Respondents filed objections to the December 8, 2005 Proposed Findings and Recommended Disposition.  See docket no. 28.  On January 6, 2006, Petitioner filed objections to the Proposed Findings.  See docket no. 33.  In a March 20, 2009 Order, District Judge Browning indicated that Mr. Vega had presented new evidence in support of his

---

[4]  The District Judge has not addressed Judge Smith's recommendation that claims one and two be dismissed, thus, in the analysis section of this report, the undersigned will address all of Petitioner's claims.

[5]  In the same order, Judge Smith appointed the Federal Public Defender's Office to represent Mr. Vega.  Id. at 2-3.  On December 16, 2005, Judge Smith withdrew the appointment of the Federal Public Defender's Office, after he was advised that Petitioner had "previously retained attorney John A. McCall as counsel in this matter."  Docket no. 26.

objection to Judge Smith's findings with respect to his ineffective assistance of counsel claim and that Respondents objected to Judge Smith's failure to address the issue of insufficiency of the evidence claim.  See docket no. 38.  Therefore, Judge Browning ordered that the matter was referred back to Magistrate Judge Smith "to determine whether the Court should consider the Petitioner's new evidence . . . [a]nd, if so, what effect, if any, this evidence has on the proposed findings."  Id.  District Judge Browning also expressly ordered the Magistrate Judge to address Mr. Vega's "insufficiency of the evidence claim and the constitutionality of [the] photo lineup." Id.

On February 6, 2009, Petitioner filed an attorney-drafted "Addendum to Petition for Writ of Habeas Corpus" and memorandum in support thereof.  See docket nos. 36 and 37.  The addendum supplements Petitioner's Application for Writ of Habeas Corpus "to include the issue of whether [Mr. Vega's] incarceration and sentence . . . is a violation of the United States Constitution . . . in that he was deprived of his due process rights under the Constitution by an impermissible pre-trial identification procedure."  Docket no. 36.  Petitioner further states that pursuant to 28 U.S.C. § 2254(d)(1), the law upon which Mr. Vega's "petition is based is law interpreted by the United States Supreme Court (and its progeny)."  Id.  On April 26, 2009, Respondents filed a "Brief in Response to Petition and Addendum."  See docket no. 41.

On May 30, 2006, Magistrate Judge Smith issued a second set of Proposed Findings, wherein he acknowledges that Mr. Vega submitted an affidavit from Pastor Oscar Castro, and that Pastor Castro asserts that Petitioner worked with him in Chihuahua, Mexico when the robbery Mr. Vega was convicted of was committed.  See docket no. 46 at 2.  Judge Smith further found that no state court had the opportunity to assess Pastor Castro's testimony.  See id. Consequently, Judge Smith construed Mr. Vega's ineffective assistance of counsel claim

5

regarding an alleged failure to investigate purported alibi witnesses as an unexhausted claim. See id. at 2-3. Mr. Vega's federal writ was thus then treated as a "mixed petition,"[6] and Judge Smith recommended that Petitioner be given thirty days to file a supplemental pleading clarifying what action he would take to remedy the unexhausted claim in his petition. Id. at 3-4.

On August 22, 2006, the District Judge entered an Order adopting the second set of Proposed Findings by Judge Smith. See docket no. 50. On September 25, 2006, a motion for extension of time to file a supplemental briefing was filed by Petitioner, and on September 30, 2006, the motion was denied and the case was dismissed by the District Judge. See docket nos. 51-53. On October 13, 2006, Petitioner filed a motion, and memorandum in support thereof, to reconsider the judgment[7] pursuant to FED. R. CIV. P. 59(e). See docket nos. 54 and 55. The motion also requests a "stay and abeyance" be granted in order for Mr. Vega to present his ineffective assistance claim, including the new evidence in the form of Pastor Castro's affidavit, in state court. See id. On November 2, 2006, the District Judge, pursuant to FED. R. CIV. P. 59(e), vacated his Order and Judgment dismissing the case. See docket no. 56. The District Judge also granted Mr. Vega's request to stay the case pending the submission of his unexhausted claim to the state courts. See id.

C.      Stay and Abeyance

On December 19, 2006, the District Judge referred the case back to Magistrate Judge

---

[6] Judge Smith indicated that Petitioner should choose between "several options," specifically, he may seek (1) dismissal of his unexhausted claims; (2) dismissal of the entire case; (3) a stay and abeyance for the purpose of returning to state court to exhaust his unexhausted claim; or (4) some other option of Petitioner's choosing that would be appropriate for resolving the matter. Id. at 4.

[7] In the Rule 59 motion and memorandum, Petitioner addresses numerous reasons for counsel's previous requests for extensions of time in an attempt to persuade the District Court to vacate its September 30, 2006 judgment. See id.

Smith "to recommend to the Court an ultimate disposition of the case." Docket no. 57. In monitoring the status of the second state habeas corpus proceeding, Judge Smith conducted a telephonic status conference in the case on August 29, 2007. See docket no. 62. Additionally, on March 4, 2008, and August 8, 2008, the parties filed Joint Status Reports detailing the status of proceedings in state court. See docket nos. 63 and 65. On September 30, 2008, upon Judge Smith's retirement, the case was transferred to the undersigned. See docket no. 67. On November 5, 2008, February 17, 2009, and March 3, 2009, telephonic status conferences were held, and on January 5, 2009, February 4, 2009, and March 20, 2009, status reports were filed by Respondents. See docket nos. 68, 69, 70, 72, 74, and 75.

Attached to the February 4, 2009 status report, Respondents have submitted a copy of the "Final Order Denying Petition for Writ of Habeas Corpus Following Evidentiary Hearing." Docket no. 70, exhibit. The order from the Third Judicial District Court indicates an evidentiary hearing was held on August 7, 2008, at which Petitioner and his attorney were present. See id. The Third Judicial District Court denied Mr. Vega's claim of ineffective assistance due to trial counsel's failure to investigate an alibi. Id. In their March 20, 2009 status report, Respondents indicate that on March 2, 2009, Mr. Vega filed a Petition for Writ of Certiorari in the New Mexico Supreme Court, and on March 18, 2009, the New Mexico Supreme Court entered an order denying the petition. See docket no. 75. A copy of the dismissal order is attached to the status report. Id., exhibit. Thus, as of March 18, 2009, the stay and abeyance is lifted and the following four exhausted claims are properly before the Court on Mr. Vega's § 2255 petition:

1) Ineffective Assistance of Counsel;

2) Prosecutorial Misconduct;

3) Insufficiency of the Evidence; and

7

4) The "impermissible pre-trial identification procedure in the case at bar" was unconstitutional because it violated Mr. Vega's due process rights.

Standard of Review

This Court's ability to consider collateral attacks on state criminal proceedings is circumscribed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the highly deferential standard set forth in the AEDPA, if Petitioner's claims have been decided on the merits in a state court, a federal habeas court may only grant relief under two circumstances: (1) if the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) if the state court decision "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

A state court decision is "contrary to" Supreme Court precedent in two circumstances: (1) when "the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases;" or (2) when "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from" that reached by the Supreme Court. See Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision constitutes an "unreasonable application" of Supreme Court precedent if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. Thus, "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.

Rather, that application must also be unreasonable." Id. at 411; see also Thomas v. Gibson, 218

F.3d 1213, 1219-20 (10th Cir. 2000) (discussing Williams).  Finally, a state prisoner seeking

habeas relief based on alleged erroneous factual determinations must overcome by clear and

convincing evidence the presumption of correctness afforded state court factual findings.  See 28

U.S.C. § 2254(e)(1); Smith v. Mullin, 379 F.3d 919, 924-25 (10th Cir. 2004).

Analysis

A.      Ineffective Assistance of Counsel

        Mr. Vega contends his trial counsel was ineffective.  See docket no. 1 at 6.  Petitioner has

raised the same ineffective assistance of counsel arguments in his federal petition as he did in the

two state habeas corpus proceedings.  See docket no. 14, exhibit R and docket no. 75, exhibit.  In

his federal petition, Mr. Vega claims ineffective assistance of counsel based on assertions that

counsel failed to investigate alleged inconsistencies in statements made by Ms. Arellano, and

failed to provide expert testimony on the possibility of misidentification in the context of a photo

lineup.  See docket no. 1.  Petitioner also claims that three witnesses could have provided him

with an alibi and that counsel unreasonably failed to call these witnesses or to investigate their

possible testimony.  See id. at 6-7.  Also, Mr. Vega was granted a "stay and abeyance" in order

to exhaust the ineffective assistance claim, given his submission of Pastor Castro's affidavit.

See docket no. 56.  Thus, the issue was raised and denied over the course of the two state habeas

corpus proceedings.  See docket no. 14, exhibits R, S, T, and U and docket no. 75, exhibit.

        The test for making a claim of constitutionally ineffective assistance of counsel was

set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 688 (1984).

Under Strickland, Mr. Vega must satisfy a two-part test in order to prevail on an ineffective

assistance of counsel claim.  Id. at 687-88.  First, Petitioner must demonstrate that his

9

attorney's "performance was deficient" and "fell below an objective standard of reasonableness." Id. In applying this test, the Court must give considerable deference to an attorney's strategic decisions and "recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. In applying Strickland, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id.

To succeed under the first prong of Strickland, Mr. Vega must overcome the presumption that counsel's conduct was constitutionally effective. Hung Thanh Le v. Mullin, 311 F.3d 1002, 1025 (10th Cir. 2002). For Mr. Vega's counsel's performance to be constitutionally ineffective, it must have been "completely unreasonable, not merely wrong." See Hoxsie v. Kerby, 108 F.3d 1239, 1246 (10th Cir. 1997) (quoting Hatch v. Oklahoma, 58 F.3d 1447, 1459 (10th Cir. 1995)). Second, Petitioner must demonstrate that he was prejudiced by his counsel's deficient performance, which requires a showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

In reviewing the state court record, I find Mr. Vega's first ineffective assistance of counsel claim – that trial counsel did not adequately address Ms. Arellano's identification of him – to be without merit. Defense counsel submitted a motion in limine to suppress Ms. Arellano's out-of-court identification of Petitioner and was effective in demonstrating the possibility of misidentification during the photo lineup. Additionally, Petitioner's counsel engaged in an extensive cross-examination of Ms. Arellano with respect to her identification of Mr. Vega. It is Petitioner's burden to overcome the presumption that counsel's challenged action could be considered sound trial strategy. Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). In the

present case, defense counsel's representation constituted sound trial strategy and I find Mr.

Vega has failed to establish deficient performance within the meaning of <u>Strickland</u> with respect

to counsel's handling of Ms. Arellano's identification of Petitioner.

      With respect to his claim that three alibi witnesses existed whom counsel failed to

call, I also find Petitioner's claims to be without merit.  When an ineffective assistance of

counsel claim centers on a failure to investigate and elicit testimony from witnesses, the

petitioner must "demonstrate, with some precision, the content of the testimony they would have

given at trial." <u>Lawrence v. Armontrout</u>, 900 F.2d 127, 130 (8th Cir. 1990).  <u>See</u> <u>also</u> <u>Foster v.</u>

<u>Ward</u>, 182 F.3d 1177, 1185 (10th Cir. 1999).  The only evidence Petitioner has offered in this

case is the single affidavit from Pastor Castro.  In Petitioner's second state habeas corpus

proceeding, his writ was denied after an evidentiary hearing.  The undersigned finds Mr. Vega

has failed to show he was prejudiced by counsel's performance within the meaning of

<u>Strickland</u>.  Petitioner certainly has not shown a reasonable probability that, had counsel secured

the testimony of the alleged alibi witnesses, the result of the proceeding would have been

different.  <u>See</u> <u>Strickland</u>, 466 U.S. 694.  As such, Mr. Vega's claims that trial counsel was

ineffective should be rejected.

      Additionally, I find Petitioner has exhausted the ineffective assistance of counsel claim

when he raised it in the state habeas corpus proceedings.  During the first state habeas corpus

proceeding, the Third Judicial District Court addressed and ultimately denied Petitioner's claim

that his trial counsel engaged in ineffective assistance when: counsel allegedly failed to

investigate inconsistencies in various statements made by the victim, Ms. Arellano; counsel

allegedly failed to provide expert testimony on the possibility of misidentification in the context

of a photo lineup; and counsel allegedly failed to investigate alibi.  <u>See</u> docket no. 14, exhibit S.

The New Mexico Supreme Court denied Mr. Vega's March 2005 Petition for Writ of Certiorari. Id., exhibit U.  Additionally, during the federal court stay and abeyance, Petitioner initiated the second state habeas corpus proceeding, alleging ineffective assistance of counsel and presenting to the state courts for the first time the affidavit of Pastor Castro.  See docket no. 75, exhibit. The Third Judicial District Court granted Petitioner an evidentiary hearing and ultimately denied the revised ineffective claim pursuant to a New Mexico Supreme Court case that adopts and applies the Strickland standard, ruling Mr. Vega "failed to demonstrate that he suffered actual prejudice as a result of counsel's alleged failures," nor had he "shown a reasonable probability that the outcome would have been different had counsel's alleged failures not occurred. Id. (citing State v. Bernal, 2006-NMSC-050, 146 P.3d 289, 297 (N.M. 2006)).   The New Mexico Supreme Court then denied Mr. Vega's March 2009 Petition for Writ of Certiorari.  See docket no. 75, exhibit.

Petitioner has not alleged or established the state court proceedings either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of federal law as determined by the United States Supreme Court or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  See 28 U.S.C. § 2254(d).  I find the New Mexico state courts applied the correct standard of review for the claim of ineffective assistance of counsel, Strickland v. Washington, 466 U.S. 688 (1984), and the application of the Strickland standard was not erroneous or unreasonable.  See docket no. 14, exhibit S and docket no. 75, exhibit.  Additionally, Petitioner has failed to overcome the presumption of correctness, by clear and convincing evidence, of the state court findings.  See 28 U.S.C. § 2254(e).  Thus, in addition to finding Petitioner's ineffective assistance of counsel claim fails on the merits, I find the claim was raised and

12

decided in the state habeas corpus proceedings, and the state court decisions and record are
entitled to deference in accordance with 28 U.S.C. § 2254 and the AEDPA.

B.      Prosecutorial Misconduct

Petitioner also requests relief based on prosecutorial misconduct. <u>See</u> docket no. 1 at 7.
Mr. Vega contends this misconduct occurred during a meeting between the trial judge, the
prosecuting attorney, and Ms. Arellano, the victim, immediately prior to Ms. Arellano's trial
testimony. Mr. Vega further claims the purpose of this conference was to intimidate Ms.
Arellano into confirming an uncertain identification of Petitioner and that such intimidation did
in fact result from this meeting. <u>See</u> <u>id.</u> at 7-9. The issue was raised and denied in the first state
habeas corpus proceeding.[8] <u>See</u> docket no. 14, exhibits R, S, T, and U. Petitioner asserts,
however, that because he was denied an evidentiary hearing in state court, he was unable to
present evidence which would have revealed a violation of his right to due process. <u>See</u> docket
no. 21. Mr. Vega further contends that this claim should be considered as part of his ineffective
assistance claim, as counsel erroneously failed to object to the conference or to make a record
that the conference actually took place at trial. <u>See</u> <u>id.</u>

When a defendant asserts a claim of prosecutorial misconduct in a habeas petition,
the claim is reviewed only for a violation of due process. <u>See</u> <u>Darden v. Wainwright</u>, 477 U.S.
168, 181 (1986). "[N]ot every trial error or infirmity which might call for application of
supervisory powers correspondingly constitutes a failure to observe that fundamental fairness
essential to the very concept of justice." <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637, 642 (1974).
In order to be entitled to relief, Petitioner must establish that the prosecutor's conduct "so

---

[8] In the first state habeas corpus proceeding, the court found Mr. Vega's prosecutorial
misconduct claim was "without merit as a matter of law." <u>See</u> docket no. 14, exhibit S.

13

infected the trial with unfairness as to make the resulting conviction a denial of due process." <u>Id.</u>
at 643.  This Court may only make such a determination after "tak[ing] notice of all the
surrounding circumstances, including the strength of the state's case."  <u>Coleman v. Brown</u>, 802
F.2d 1227, 1237 (10th Cir. 1986).

 Mr. Vega contends he can show the alleged meeting between the prosecutor,
the state district judge, and Ms. Arellano took place and that the purpose and the effect of this
meeting was to intimidate Ms. Arellano and to influence her testimony.  Petitioner, however, has
not provided this Court with evidence as to who can testify that Ms. Arellano was so intimidated
or as to the basis of this individual's knowledge about Ms. Arellano.  Additionally, Mr. Vega has
provided the Court with nothing to show that the state district judge or the prosecutor intimidated
the witness, or even that such a meeting between the above-named parties ever took place.  <u>See</u>
<u>Stafford v. Staffe</u>, 34 F.3d 1557, 1564 (10th Cir. 1994) (concluding that due to the lack of
prejudice demonstrated by petitioner, there was no reasonable probability that in the absence of
counsel's failures the jury's conclusion would have been different).  Due to the fact that
Petitioner has provided this Court with only conclusory allegations to support his argument, he
has not made the required showing of a violation of due process.

 Additionally, in reviewing the record, I find Petitioner's prosecutorial misconduct claim
has been exhausted in that it has been decided on the merits by the state courts pursuant to a state
habeas corpus petition.  <u>See</u> docket no. 14, exhibit S.  Thus, the undersigned may only
recommend relief under two circumstances: (1) if the state court decision was "contrary to, or
involved an unreasonable application of, clearly established Federal law, as determined by the
Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) if the state court decision
"resulted in a decision that was based on an unreasonable determination of the facts in light of

the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  Neither of these

circumstances are present in this case.  As such, I recommend Mr. Vega's claims with respect to

prosecutorial misconduct be rejected as well.

C.     Insufficiency of the Evidence

        Petitioner also asserts he is entitled to relief due to insufficiency of the evidence used to

convict him at trial.  See docket no. 1 at 9.  The issue was raised in the first state habeas corpus

proceeding.  See docket no. 14, exhibit R.  The claim was denied by the Third Judicial District

Court and the New Mexico Supreme Court denied Mr. Vega's Petition for Writ of Certiorari.

See id., exhibits S, T, and U.

        The appropriate standard of review for sufficiency of evidence claims in a § 2254

petition is "whether, after viewing the evidence in the light most favorable to the prosecution,

any rational trier of fact could have found the essential elements of the crime charged beyond a

reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1979). See also Dockins v. Hines,

374 F.3d 935, 939 (10th Cir. 2004).  "This standard of review respects the jury's responsibility to

weigh the evidence and to draw reasonable inferences from the testimony presented at trial."

Dockins, 374 F.3d at 939.  The jury's verdict in Cause No. CR-2000-929 – that Mr. Vega was

guilty of armed robbery (firearm enhancement) and possession of a firearm by a felon – was

within the bounds of reason.  Specifically, Ms. Arellano, the clerk on duty at the time of the

robbery, identified Mr. Vega as the person who robbed her while testifying.  Additionally, the

detective in charge of the case testified that he composed the photo array, which Ms. Arellano

selected Petitioner out of, by including individuals with similar features and characteristics and

he reiterated that the robber might not be in the lineup.  Therefore, I find, after reviewing the

evidence in the light most favorable to the prosecution, a rational trier of fact could have found

the essential elements of the crimes beyond a reasonable doubt.   See Grubbs v. Hannigan, 982

F.2d 1483, 1487 (10th Cir. 1993) (court must "accept the jury's resolution of the evidence as

long as it is within the bounds of reason").

       In addition to recommending that Petitioner's insufficiency of the evidence claim fails on

the merits, I find the claim has been exhausted as New Mexico state courts denied the claim

during the first state habeas corpus proceeding.  See docket no. 14, exhibits R, S, T, and U.

Because the state court findings are entitled to deference, the undersigned may only recommend

relief if: (1) the state court decision was "contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States," 28

U.S.C. § 2254(d)(1); or (2) the state court decision "resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the State court

proceeding."  28 U.S.C. § 2254(d)(2).  I again find that neither of these circumstances are

present in this case.  As such, I recommend that Mr. Vega's claims with respect to insufficiency

of the evidence be denied.

D.     Constitutionality of Photo Lineup

       Finally, Petitioner contends his incarceration and sentence "is a violation of the United

States Constitution, Amendments Four, Five, Six, and Fourteen in that he was deprived of his

due process rights under the Constitution by an impermissible pre-trial identification procedure

in the case at bar."  Docket no. 36 at 1.  This issue was raised in Petitioner's direct appeal of his

conviction to the New Mexico Court of Appeals.  See docket no. 14, exhibits K, L, and M.  The

New Mexico Court of Appeals denied relief, and Mr. Vega's Petition for Writ of Certiorari to

the New Mexico Supreme Court was also denied.  See id., exhibits N, P, and Q.  Petitioner now

contends the New Mexico state court decisions in his case conflict with United States Supreme

Court precedence with respect to the "impermissible pre-trial identification procedure in the case at bar." See docket no. 36 at 1.

The United States Supreme Court has held that "convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384 (1968). The admission of evidence of a pretrial identification "without more does not violate due process." Neil v. Biggers, 409 U.S. 188, 198 (1972). Even if the procedure is found to be unduly suggestive, "reliability is the linchpin in determining the admissibility of identification testimony . . ." Manson v. Brathwaite, 432 U.S. 98, 114 (1977). Consequently, an identification is valid if it was reliable, and the factors to be considered to determine whether an identification was reliable include "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of her prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation." Id.; accord Biggers, 409 U.S. at 199-200 (1972). Unless these factors present "'a very substantial likelihood of irreparable misidentification,' . . . such evidence is for the jury to weigh." Manson, 432 U.S. at 116 (quoting Simmons, 390 U.S. at 384).

In reviewing this claim on direct appeal, the New Mexico Court of Appeals found the photo lineup used to identify Petitioner was "not permissibly suggestive." Docket no. 14, exhibit N at 1. The Court of Appeals found:

> In this case, the detective suspected Defendant. He had two black
> and white photos of Defendant, one with Defendant wearing glasses
> and one without. Because most mug photos are now taken in color

and the subjects usually do not wear glasses, composing the array
was a challenge.  Nonetheless, the detective composed the array with
six black and white pictures, with all subjects in the array having the
basic characteristics described by the victim.  They were all older,
Caucasian males, with salt and pepper hair and droopy mustaches,
and most had facial marks or deep wrinkles.  Although the victim
described Defendant as having light skin and light eyes, Defendant's
photo appears to have the darkest skin and all the subjects in the
photos appear to have dark eyes.  The detective told the victim that
the suspect "might" be in the array.  The victim selected Defendant,
but was unsure.  When asked why, the victim told the detective that
the robber appeared lighter than Defendant's photo and the robber
wore glasses.  The detective then showed the victim another photo of
Defendant, which appeared to be taken at the same time as the
previous photo, but the entire photo was lighter and Defendant was
wearing glasses.  The victim responded 'Oh, my God,' and identified
him . . . [W]e cannot say that there was any likelihood that
suggestiveness led to a misidentification.

Id. at 3-4.

I agree with the decision of the New Mexico Court of Appeals.  I have reviewed the

photo lineup and find there is nothing unduly suggestive about it.  See State of New Mexico v.

Vega, Cause No. CR-2000-929, State's Exhibit 1.  Further, I find the state court decisions in this

case do not conflict with United States Supreme Court precedence with respect to the

constitutionality of the photo lineup as Petitioner's due process rights were not violated.  All of

the men featured in the lineup have salt and pepper colored hair and mustaches.  See id.

Additionally, all of the photographs in the array are in black and white, the background in each

of the photographs is similar, and the men all appear to be relatively close to the same age.  See

id.  The witness selected Mr. Vega out of the lineup, but was not certain.  See docket no. 14,

exhibit N at 1.  When asked about her uncertainty, Ms. Arellano told the detective that the robber

appeared lighter than he appeared in the photo and that he wore glasses.  See id.  When the

detective showed Ms. Arellano another photograph of Mr. Vega that was lighter and in which he

was wearing glasses, she unequivocally identified Mr. Vega as the man who robbed her while she was working at a convenience store in Las Cruces on October 1, 2000.  See id.  I find the lineup used was not impermissibly suggestive as to give rise to "a very substantial likelihood of irreparable misidentification."  See Simmons, 390 U.S. at 384.  As such, Mr. Vega's claim with regarding to the constitutionality of the photo lineup in his case should also be denied.

Recommended Disposition

Wherefore,

Because Petitioner has failed to establish any violation sufficient for the review and granting of a writ permitted by 28 U.S.C. § 2254, IT IS HEREBY RECOMMENDED THAT Arturo Vega's federal habeas corpus petition be DISMISSED WITH PREJUDICE.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period  if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

---

_____

UNITED STATES MAGISTRATE JUDGE